**PARKWOOD HOMES, A DIVISION OF PARKWOOD CORPORATION,**
Plaintiff,

v.

**James V. MAGGI, Defendant.**

**Civ. A. No. 84–2622.**

United States District Court,
W.D. Pennsylvania.

July 2, 1986.

Jon Hogue, Pittsburgh, Pa., for plaintiff.

Gordon F. Harrington, Washington, Pa., for defendant.

## MEMORANDUM OPINION

GERALD J. WEBER, District Judge.

This is an action for indebtedness on a mobile home dealership finance agreement. Plaintiff originally filed this suit against James T. Maggi and his mobile home business, Eighty Four Mobile Homes. Pursuant to an order of then District Judge Mansmann, plaintiff amended its complaint in January 1985 to add James T. Maggi's son, James V. Maggi. In January 1986 we dismissed the claims against James T. Maggi and his business; though given the opportunity, plaintiff did not obtain relief from the stay order growing out of James T. Maggi's bankruptcy. This suit concerns only the liability of James V. Maggi.

James V. Maggi and his counsel accepted service of the amended complaint on January 8, 1985. Because he filed no responsive pleading, plaintiff sought entry of default on March 12, 1985. Two days hence defendant filed his answer. Because of its obvious delinquency, Judge Mansmann did not recognize the answer as an acceptable response. On March 22, 1985 she ordered defendant to move *for leave* to file the answer, in effect requiring defendant to explain his delinquency before the court would accept the answer as a proper pleading. Defendant filed no motion for leave, nor was default entered. Defendant's failure to respond may have been the result of a judgment plaintiff had against defendant in a parallel state case.

The case was reassigned to me in this posture. After the court held a status conference, plaintiff moved for summary judgment seeking $119,610.41. Defendant's response includes his affidavit that he owes $81,822.90.

As of October 31, 1985 defendant conceded liability and agreed he owed plaintiff a debt; he contested only the amount of the debt. Memorandum Order, Docket No. 21. We thus set a hearing to fix damages. Memorandum Order, Docket No. 23. Since then the parties have obviated the need for a hearing; they have stipulated to the facts and the remaining issues. This is not a judgment by consent. It is a recognition of the absence of a factual dispute, of each party's legal position, and of the damages to be awarded if the court decides favorably to either party's position. The parties agree that if we accept defendant's argument, judgment should be entered for $75,-967. If we accept plaintiff's argument, judgment should be entered for $96,-

809.57.[1] This figure is plaintiff's admitted liability plus interest charges at 15% and a reasonable attorney's fee. Plaintiff draws the latter two items from the finance agreement upon which this action is founded. The issue thus is reduced to whether it is proper for the court to look to the underlying contract in entering judgment. We conclude that it is.

This case does not rest in the typical posture of one ready for default judgment. In the stipulation, defendant concedes that plaintiff is entitled to default judgment. Defendant has not met the technical requirements for filing an answer, nor did he attempt to cure this defect when given the opportunity. This is a choice certainly left to him. On the other hand, default has not formally been entered. Defendant has appeared through counsel who actively, if in a limited way, participated in the case. While Maggi has not defended in the usual manner, he had the opportunity to do so. He helped fashion the very stipulation at the heart of the resolution of this case. He is presumed to have had some influence in persuading plaintiff to lower its original demand, $159,019.93, to the stipulated demand of $96,809.57, a considerable difference.

Federal Rule of Civil Procedure 54(c) provides that:

A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

This rule embodies the notion that a plaintiff is entitled to complete relief. An exception exists for default judgments, which are limited to the amount demanded in the complaint. This exception is intended to protect defendants who choose not to contest liability for the amount demanded—a figure they may have relied upon in choosing not to defend. See generally, 8 Wright & Miller, Federal Practice & Procedure § 2663 (1983). In this case, however, *both* stipulated figures are less than plaintiff's original demand. Defendant thus is entitled to no limitations under the rules for entry of judgment. When both parties agree that all the relief to which the prevailing party is entitled in any event is less than the original demand, it matters little under the rules whether defendant is characterized as defaulting. We can grant relief to which the prevailing party is entitled, which itself is less than the amount of the original demand.

This finding must be coupled with the strong policy of deciding cases on their merits rather than on procedural defects. This policy prompts us to examine the source of defendant's liability, the finance agreement. The agreement plainly provides for the 15% interest and reasonable attorney's fees plaintiff seeks. Thus finding nothing to prevent the court from referring to the underlying agreement in entering judgment—on the contrary, finding policy which encourages it—we will enter final judgment for plaintiff in the amount it requests.

---

1. Though both counsel signed on the page displaying those calculations, the stipulation contains what apparently is a clerical error where plaintiff's judgment demand is listed a second time in the amount of $98,809.57.